UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-101 |
| | ) | |
| BALTAZAR CAMACHO, | ) | (VARLAN / SHIRLEY) |
| AURELIUS SIR LAWRENCE ROBINSON, and | ) | |
| BRAD BOLTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the undersigned for a competency hearing and status conference on May 13, 2013. Assistant United States Attorney Brooklyn Sawyer appeared as counsel for the Government. Attorney Mike Whalen represented Defendant Camacho. Attorney Andrew S. Roskind represented Defendant Robinson, and Attorney Norman McKellar represented Defendant Brad Bolton. Defendant Bolton was the only defendant present.

The parties stipulated to the twelve (12) page Forensic Report by Forensic Psychologist Rebecca E. Barnette, Psy.D. The report was made a sealed exhibit to the hearing. Neither the Government nor Defendant Bolton sought to offer any other evidence for the Court to consider on the issue of the Defendant's competency. The Forensic Report concludes that Defendant Bolton is not suffering from a mental disease or defect that compromises his ability to understand his case or to assist properly in his defense. Based upon the Forensic Report and

1

pursuant to 18 U.S.C. § 4241(d), the Court finds by a preponderance of the evidence that Defendant Bolton is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. Accordingly, the Court finds that the Defendant is **COMPETENT** to stand trial.

After the matter of his competency was resolved, the Court addressed some scheduling matters. The trial of this case is set for **September 10, 2013**. Attorney Whalen moved for a thirty-day extension of the motion-filing deadline. He stated that he needed two weeks to complete his review of the recorded telephone conversations in this case and time following his review of discovery to prepare pretrial motions. Attorneys Roskind and McKellar agreed with a thirty-day motion deadline. The Government did not oppose the request. The Defendants' request to extend the motion deadline is **GRANTED**. Any pretrial motions are due on or before **June 13, 2013**. The Government's response deadline is **June 27, 2013**. The Court scheduled a motion hearing and pretrial conference for **July 2, 2013, at 9:30 a.m.** Additionally, plea negotiations in this case must conclude by **August 20, 2013**. All other dates and deadlines in this case shall remain the same at this time.

Accordingly, it is **ORDERED**:

(1) The Court finds that Defendant Bolton is **COMPETENT** to stand trial;

(2) The Defendants' joint, oral motion to extend the motion deadline is **GRANTED**. All pretrial motions are due on or before **June 13, 2013**;

(3) Responses to pretrial motions are due on **June 27, 2013**;

(4) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **July 2, 2013, at 9:30 a.m.**;

2

(5) The deadline for concluding plea negotiations is **August 20, 2013**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3