UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-101 |
| | ) | |
| BALTAZAR CAMACHO, | ) | (VARLAN / SHIRLEY) |
| AURELIUS SIR LAWRENCE ROBINSON, and | ) | |
| BRAD BOLTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. The parties appeared before the undersigned on July 2, 2012, for a scheduled pretrial conference and motion hearing on Defendant Robinson's *pro se* motion [Doc. 302] requesting review of the attorney-client relationship and Defendant Brad Bolton's Second Motion to Continue Trial and to Establish New Deadlines [Doc. 303]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Mike Whalen represented Defendant Camacho. Attorney Andrew S. Roskind represented Defendant Robinson, and Attorney Norman D. McKellar represented Defendant Brad Bolton. All three Defendants were present.

Defendant Robinson's *pro se* motion, dated June 11, 2013, and asking for the appointment of new counsel, was received by the Court on June 17, 2013. At the hearing, Attorney Roskind stated that his office was notified that the Defendant had sent the instant motion to the Court in early June. Mr. Roskind stated that he met with the Defendant, who told him that he did

1

not want another attorney. Defendant Robinson siged a plea agreement and forwarded it to AUSA Stone, who filed the signed plea agreement in the record on June 18, 2013. Mr. Roskind saw the Defendant's motion for the first time on Friday, June 28.[1] Mr. Roskind spoke with the Defendant on the morning of the July 2 hearing, and the Defendant stated that he did not want to go forward with the motion. The Court questioned Defendant Robinson, who stated that he wanted to withdraw his *pro se* motion and that he wanted Mr. Roskind to continue to represent him. Accordingly, the Defendant's oral motion to withdraw the *pro se* motion is **GRANTED**, and the *pro se* motion [**Doc. 302**] is **DENIED as moot**.

The Court also addressed Defendant Bolton's motion to continue the September 10 trial date and the motion deadline. Mr. McKellar stated that although the parties had made progress in plea negotiations, they had not yet resolved the case by the July 1 motion deadline. He asked the Court to reset the motion deadline and trial date in order to permit additional time to negotiate prior to the expiration of the motion deadline. Mr. McKellar stated that he had discussed the matter of a trial continuance with Defendant Bolton, who agreed that the time would be excludable under the Speedy Trial Act. He stated that if Defendant Bolton did not enter into a plea agreement, then he intended to file a dispositive motion. He asked for a two-week extension of the motion deadline.

AUSA Stone stated that the Government did not object to Defendant Bolton's request to continue the motion deadline. Mr. Stone informed the Court that although Defendant Bolton's involvement in the conspiracy was less than many of the coconspirators, his criminal history

---

[1] The Court observes that although it received the motion on June 17, the motion was not entered on the docket until Friday, June 28.

2

Case 3:12-cr-00101-TAV-CCS   Document 316   Filed 07/02/13   Page 2 of 4   PageID #: 1000

appeared to require a life sentence. He stated that within the last week, the Defendant had challenged the Government's contention that he has two prior felony convictions. Mr. Stone contended that both the Defendant and the public would benefit if the Court were to grant a little more time to negotiate. Mr. Stone related that although Defendant Camacho had not yet entered into a plea agreement, he anticipated that Defendant Bolton was the only Defendant who might proceed to trial.

Defendants Camacho and Robinson took no position on Defendant Bolton's request. Attorney Whalen stated that Defendant Camacho was still considering whether he would proceed to trial.

The Court finds that a trial continuance is not warranted at this time. The Court observes that participation in plea negotiations is not a basis for excludable time under the Speedy Trial Act. See 18 U.S.C. §3161(h). Although Defendant Bolton has indicated that he might file a motion, that motion is not yet pending before the Court. Accordingly, Defendant Bolton's request to continue the trial is denied. On the other hand, the Court finds that the parties have shown good cause for the Court to extend the motion deadline. Defense counsel needs additional time to research potential sentencing issues in order to advise the Defendant fully with regard to the consequences of entering into a plea agreement. Accordingly, Defendant Brad Bolton's Second Motion to Continue Trial and to Establish New Deadlines [**Doc. 303**] is **DENIED in part** in that the Court declines to continue the trial date at this time and is **GRANTED in part** in that Defendant Bolton's motion deadline is extended to **July 23, 2013**. The Government's deadline for responding to Defendant Bolton's motions is **August 7, 2013**. The parties (the Government, Defendant Bolton, and Defendant Camacho, if he is still in the case) are to appear before the Court for a pretrial

conference and motion hearing on **August 13, 2013, at 1:30 p.m.** All other dates and deadlines in this case shall remain the same at this time.

  Accordingly, it is **ORDERED**:

(1) Defendant Robinson's oral motion to withdraw his *pro se* motion to appoint new counsel is **GRANTED**;

(2) Defendant Robinson's *pro se* motion to appoint new counsel [**Doc. 302**] is **DENIED as moot**;

(3) Defendant Brad Bolton's Second Motion to Continue Trial and to Establish New Deadlines [**Doc. 303**] is **DENIED in part** and **GRANTED in part**, as directed above;

(4) Defendant Brad Bolton's deadline for filing pretrial motions is extended to **July 23, 2013**;

(5) Responses to pretrial motions are due on **August 7, 2013**; and

(6) The parties remaining in the case are to appear before the undersigned for a pretrial conference and motion hearing on **August 13, 2013, at 1:30 p.m.**

**IT IS SO ORDERED.**

           ENTER:

             s/ C. Clifford Shirley, Jr.
           United States Magistrate Judge